Alan J. Leiman (OSB No. 98074)
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401
alan@leimanlaw.com

Drew G. Johnson (OSB No. 114289)
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401
drew@leimanlaw.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **MARTY SIMPSON**, an individual<br><br>Plaintiff,<br><br>    v.<br><br>**SENECA SAWMILL COMPANY,**<br>an Oregon corporation,<br><br>Defendant. | **CASE NO.**: 6:14-cv-01001<br><br>**FAIR LABOR STANDARDS ACT** 29 USC § 201 *et. seq.*; **OREGON WAGE AND HOUR LAWS** (ORS Chapters 652 and 653)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Marty Simpson ("Simpson") brings this Fair Labor Standards Act ("FLSA") Complaint against Defendant, SENECA SAWMILL COMPANY, (hereinafter "Defendant"), alleging violations of the FLSA's overtime provisions.  Plaintiff makes his individual allegations based upon personal knowledge, or upon information and belief.

1 FLSA Complaint

## PARTIES

1.     Plaintiff Marty Simpson is a resident of Lane County, Oregon.

2.     Defendant SENECA SAWMILL COMPANY is an Oregon Corporation with its corporate headquarters and principal place of business in Lane County, Oregon.

3.     Defendant owns and operates a sawmill and wood products business in Lane County, Oregon.

4.     At all times material, Defendant managed, owned and/or operated a sawmill and wood products business, and regularly exercised the authority to hire and fire employees, and control the finances and operations of such business.  By virtue of such control and authority, Defendant was an employer of the Plaintiffs as such term is defined by the Act.  29 U.S.C. § 201 et. seq.

5.     Defendant is an enterprise engaged in commerce or the production of goods for commerce and has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff.

6.     Defendant is subject to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, and Oregon Wage and Hour Laws, ORS Chapters 652 and 653 (collectively, "Wage and Hour Laws").

7.     Defendant directly or indirectly acted in the interest of an employer towards the Plaintiff at all material times, including without limitation, directly or indirectly controlling all employment terms and conditions of the Plaintiff.

8.     Defendant employed Plaintiff to work in Defendant's sawmill located in Lane County, Oregon from on or around August 2011 through May 2014.

9.     At all material times, hereto, Plaintiffs performed duties for the benefit of, and on behalf of Defendant.

2 FLSA Complaint

10.     Plaintiff is owed unpaid wages, overtime, and/or penalty wages and statutory interest from Defendant.

11.     Plaintiff brings this action seeking unpaid wages, overtime, and other compensation as actual and liquidated damages, as well as penalty wages, costs, and attorneys' fees arising from the law violations set forth herein.

12.     Plaintiff demands a jury trial on all issues that may be tried to a jury.

## JURISDICTION

13.     Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.;* 28 U.S.C. § 1331; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce. Jurisdiction of the state law claims is conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

14.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this Complaint occurred in the District of Oregon.

15.     The United States District Court for the District of Oregon has personal jurisdiction because Defendant is an Oregon corporation headquartered in Lane County, Oregon.

16.     At all times pertinent to this Complaint, Defendants individually and/or collectively, owned an operation that was an enterprise in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. § 203(r) and § 203(s). Based upon information and belief, the annual gross sales volume of the Defendant's business were in excess of $500,000.00 per annum at all times material hereto.  Alternatively, the Plaintiffs and the similarly situated employees worked in interstate commerce so as to fall within the protections of the FLSA.

3 FLSA Complaint

## INTRODUCTION

17. At all material times, Plaintiff used Defendant's automated "card-swipe" time recording system as directed by Defendant to record the times that Plaintiff began and stopped working each shift.

18. Defendant routinely, either manually or automatically, adjusted and/or reduced the amount of time worked and reported by Plaintiff as worked using Defendant's timekeeping system.

19. Defendant automatically reduced the time worked each shift by at least 30 minutes (.50 hours) as "break time," regardless of whether Plaintiff was relieved of all duties for 30 continuous uninterrupted minutes during each shift lasting more than six hours.

20. Defendant knew or had reason to know Plaintiff did not receive a complete 30-minute break when it automatically reduced his hours worked.

21. Defendant knowingly and routinely failed to relieve Plaintiff of all duties for 30 continuous minutes during shifts lasting more than six hours.

22. Defendant interrupted Plaintiff's meal breaks when it summoned him to perform work before Plaintiff had completed his 30-minute meal break.

23. Defendant failed to keep accurate records of Plaintiff's meal breaks and hours worked.

24. Defendant knowingly and willfully reduced and miscalculated the amount of time Plaintiff worked each shift and each week, thereby reducing the amount of regular wages and overtime paid to Plaintiff.

25. Defendant's failed to pay Plaintiff for all hours worked, including overtime hours due to Plaintiff in each week when overtime was earned, resulting in the underpayment of overtime pay to Plaintiff.

4 FLSA Complaint

26.     Defendant's failure to pay the Plaintiff all overtime earned at one and one-half times the Plaintiff's regular rate of pay was willful and resulted from Defendant's willful act.

27.     At all material times hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-209 in that the Plaintiff performed services and labor for Defendant for which Defendant failed to pay the correct amount of overtime when due.

28.     Plaintiff is entitled to liquidated damages for Defendant's willful failure to pay overtime when due.

29.     Plaintiff has retained the law firm of Leiman & Johnson, LLC to represent him and has incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b) and ORS 652.200, Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations - 29 U.S.C § 207)

30.     Plaintiff re-alleges and incorporate herein by reference, all allegations contained in paragraphs 1 through 29 above.

31.     At all material times Defendant was required to pay the Plaintiff in accordance with the overtime provisions of the FLSA.

32.     Plaintiff brings the FLSA claim for unpaid overtime and liquidated damages, alleging that the FLSA was violated when he was not paid for all overtime hours worked.

33.     Plaintiff is owed overtime because the Defendant failed to accurately record all hours worked by Plaintiff, resulting in the underpayment of regular and overtime wages earned and owing to Plaintiff.

34.     Defendant has not paid Plaintiff the correct amount of overtime wages earned at one and one-half times his regular rate of pay for all hours worked over 40 hours in a workweek in

violation of 29 U.S.C. § 207.

35. Defendant violated §207 of the FLSA when it willfully failed to pay overtime to the Plaintiff at one and one-half times his regular rate of pay for all hours worked over 40 in a workweek during the applicable statutory period.

36. As a result of Defendant's failure to pay the Plaintiff all of his overtime earned, Plaintiff has suffered lost income and other economic damages in an amount to be proven at trial.

37. By reason of said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages and has also incurred costs and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Oregon Wage Law Violations)

38. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 29 above.

39. At times material and subject to further discovery, Defendant failed to tender the correct amount pay due to Plaintiff for all hours worked by the Plaintiff.

40. Defendant automatically reduced the pay of Plaintiff by 30 minutes per shift.

41. Defendant tendered pay to the Plaintiff that was less than the correct amount of pay for the work performed by the Plaintiff.

42. At times material and subject to further discovery, Defendant failed to pay to Plaintiff for all hours worked at his regular rates of pay when due as required by ORS 652.120. By failing to pay the correct amount of regular pay at the time the pay was due, whether during employment or upon termination of employment, Defendant has violated ORS 653.055 and/or ORS 652.140 and is liable to Plaintiff for penalty wages in amounts to be computed according to ORS 652.150.

43. Defendant's failure to pay the Plaintiff the correct amount of wages earned resulted from

the following willful acts:

    a. Defendant adjusted and/or reduced the number of hours worked, as recorded by Plaintiff.

    b. Defendant failed to accurately record all hours worked by Plaintiff;

    c. Defendant automatically reduced the time worked by Plaintiff by 30 minutes for each shift worked, whether or not Plaintiff was relieved of all duties for 30 continuous minutes during a shift; and

    d. Defendant knowingly and routinely failed to relieve Plaintiff of all duties for 30 continuous minutes during shifts lasting more than six hours.

44. The amount of Plaintiff's unpaid wages remains subject to discovery and will be proven at trial.

45. As alleged herein and subject to discovery, during relevant pay periods, Defendant willfully failed to pay Plaintiff the correct amount of wages when due.

46. As a result of Defendant's willful failure to pay Plaintiff all wages when due, Defendant has violated ORS 653.055 and is liable to Plaintiff for penalty wages calculated according to ORS 652.150 in an amount to be determined at trial, plus pre-judgment interest in an amount to be determined at trial.

47. As a result of Defendant's willful failure to pay Plaintiff all wages due within the time allowed following termination of his employment, Defendant has violated ORS 652.140 and is liable to Plaintiff for penalty wages calculated according to ORS 652.150 in an amount to be determined at trial, plus pre-judgment interest in an amount to be determined at trial.

48. Defendant received notice of Plaintiff's claim for unpaid wages more than 12 days prior to the filing of this Complaint.

49.     Plaintiff is informed and believes and therefore alleges that Defendant has violated ORS 652.140 within the 12-month period immediately preceding the filing of this Complaint.

50.     By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages and has also incurred costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully asks the Court to order judgment granting the following relief:

1.      On the First Claim, award Plaintiff his actual damages for unpaid overtime in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay overtime pursuant to 29 U.S.C. §207;

2.      On the Second Claim, award Plaintiff his actual damages for unpaid regular wages an amount to be determined at trial, plus penalty wages calculated according to ORS 652.150 for violations of ORS 653.055 and/or ORS 652.140 in amounts to be determined at trial.

3.      Award Plaintiff his reasonable attorney fees and costs;

4.      Award Plaintiff his pre-judgment and post-judgment interest; and

5.      Award Plaintiff any and all such other legal and equitable relief as this Court deems just and proper.

//
//
//
//
//
//

DATED June 20, 2014.

                              Respectfully submitted,

                                /s/ Alan J. Leiman
                              Alan J. Leiman
                              E-mail: alan@leimanlaw.com
                              Oregon State Bar No.:  98074
                              44 W. Broadway, Suite 326
                              Eugene, OR  97401
                              Telephone: (541) 345-2376
                              Facsimile:  (541) 345-2377
                              Attorney for Plaintiff

                              /s/ Drew G. Johnson
                              Drew G. Johnson
                              E-mail: drew@leimanlaw.com
                              Oregon State Bar No.:  114289
                              44 W. Broadway, Suite 326
                              Eugene, OR  97401
                              Telephone: (541) 345-2376
                              Facsimile:  (541) 345-2377
                              Attorney for Plaintiff

9 FLSA Complaint